STATE v. JOHN EARL COX.

(Filed 14 October, 1964.)

APPEAL by defendant from *Clarkson, J.*, January Session 1964 of CLEVELAND.

This is a criminal action in which the defendant was tried upon a bill of indictment charging him with forcing open a safe of the Snowflake Laundry, located at 403 E. Graham Street in the City of Shelby, North Carolina, on 23 December 1963, which safe was used for storing chattels, money, and other valuables, in violation of Section 14-89.1 of the General Statutes of North Carolina, and upon a bill of indictment containing two counts: (1) charging that defendant on 23 December 1963 unlawfully, wilfully and feloniously did break and enter a building occupied by the Snowflake Laundry, with intent to steal, take and carry away the merchandise, chattels, money, *et cetera,* of the Snowflake Laundry, and (2) charging that on 23 December 1963 the defendant did steal and carry away $400.00 in United States currency which belonged to the Snowflake Laundry.

According to the testimony of Howard Hines, Jr., he and the defendant Cox and Jimmy Eaves broke into the Snowflake Laundry on the night in question; that Eaves and the defendant Cox carried the safe into the boiler room of the building and proceeded to break it open; that in the meantime Hines saw John Wray outside the window. They all left the building and talked with Wray. They told Wray that if he would watch out for them they would give him part of the money. Thereafter, they returned to the building and defendant Cox removed two money boxes from the safe. They took the boxes to the home of one Bernice Sutton, where defendant Cox lived, and divided the money. According to the testimony of Hines, John Wray was given $45.00, he (Hines) was given $50.00, and defendant Cox and Eaves kept most of the money. There was no objection to the admission of Hines' testimony.

The defendant offered no evidence.

STATE *v.* COX.

The jury returned a verdict of guilty on all counts.

The court imposed a sentence of ten years in State's Prison beginning at the expiration of certain sentences theretofore imposed on defendant in other cases which were set out in the judgment.

The defendant appeals, assigning error.

*Attorney General Bruton, Asst. Attorney General Charles D. Barham, Jr., for the State.*

*C. B. Cash, Jr., for defendant appellant.*

PER CURIAM. The defendant brings forward and argues in his brief only those exceptions and assignments of error set out in the record which relate to the testimony of the State's witness W. Knox Hardin, Chief of Police of the City of Shelby. Under the rules of this Court all other exceptions and assignments of error are deemed abandoned. Rule 28, Rules of Practice in the Supreme Court, 254 N.C. 783; *S. v. Goldberg,* 261 N.C. 181, 134 S.E. 2d 334.

The State's witness Hardin was permitted to testify without objection as to the statements made to him by Jimmy Eaves and John Wray. The statement made by Eaves to this witness, made in the presence of the defendant, detailed the manner in which the alleged crimes were committed, and corroborated the testimony of Hines who had testified without objection.

The exceptions and assignments of error relied upon by the defendants are set out below.

The witness testified that "Jimmy Eaves made a statement to me in the presence of the defendant, John Earl Cox, about the breaking and entering of Snowflake Laundry. I have a copy of the statement he made." The solicitor then propounded this question to the witness: "Q. Will you - - - (objection — overruled — exception) say to the jury after Eaves made that statement what statement, if any, did Cox make. A. He didn't make any." Exception No. 1.

Later in the examination, the solicitor asked the following questions of the witness: "Q. Was John 'Dad' Wray present when that statement was made to Cox and in Cox's presence? A. Yes. Q. And you say Cox said nothing? A. He didn't say anything."

Defendant's counsel on cross examination asked the following questions: "Was Cox obligated to say anything in that particular?" Objection — sustained. Exception No. 2. "Q. How many of these people that you questioned admitted they had a part in this breaking and entering?" Objection — sustained. Exception No. 3 The witness further testified: "I tried to question Cox during this period. Q. And

he denied any knowledge of any of the charges, didn't he?" Objection — sustained. Exception No. 4.

Later, in the cross examination, defendant's counsel asked the witness what else he knew about the case except what Wray, Eaves and Hines had told him. Objection. The court then told defendant's counsel he could ask the witness about what "each one individually — what they told him, if anything." Defendant's counsel propounded no further questions.

Since the defendant did not object or except to the admission in evidence of the statement made by Evans to this witness in the presence of defendant Cox, or any part thereof, we hold that no sufficiently prejudicial error has been shown to justify a new trial.

In the trial below, we find

No error.